BERTHA HERTZBERG, Respondent, *v.* MORRIS HERTZBERG, Appellant.*

First Department, May 28, 1937.

* See 159 Misc. 644.

*Murray Kurman,* for the appellant.

*Arthur Bainbridge Hoff* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

PER CURIAM. Three proceedings have apparently been had in which petitioner herein sought support from defendant as her claimed husband. Two proceedings were had in the Magistrates' Courts and a third in the Domestic Relations Court. Though the record in the Magistrates' Court is not before us, it is claimed that in 1924 Magistrate WEIL dismissed petitioner's first complaint, holding there was no marriage; that in 1931 Magistrate BRODSKY (either in a new proceeding or as a reopening of the prior one) held there was a marriage and entered an order for petitioner's support. On December 9, 1935, petitioner applied to the Domestic Relations Court for an increased allowance. On the application the file from the Magistrates' Court was produced, but before any part of it could be offered in evidence, the justice before whom the proceeding was had on his own initiative at the very opening of the case said: "Let us have a new petition to get rid of this pack of papers," and thereupon a new petition was immediately filed and the 1931 petition dismissed. At the hearing, defendant attempted to prove he was not the husband, but the court refused to take any testimony on that issue or any issue other than defendant's ability to pay, and held that the question of the marriage was *res adjudicata* under the prior order of the magistrate although such order was not in evidence, and finally made an order directing defendant to pay four dollars per week. On appeal, this court reversed the

order on the ground that the record contained no proof of the marriage of the parties, and expressly directed that a new hearing be had (247 App. Div. 351).

Instead of complying with that direction, the same justice before whom the matter again came on to be heard, refused to permit any trial of the issues — indeed, refused to allow defendant's attorney to make any statement for the record on the oral hearing — and thereafter (1) granted an application to withdraw the 1935 petition in the Domestic Relations Court; (2) vacated his prior dismissal of the petition before Magistrate BRODSKY, "reinstated and continued " the order of the magistrate directing support; and (3) later denied appellant's motion for a reargument. From all three orders defendant appeals.

It is evident that the refusal of the justice in the December, 1935, proceedings to look at any of the papers in the file from the Magistrates' Courts or to permit them to be introduced in evidence and the dismissal on his suggestion and for his convenience of the 1931 petition might seriously prejudice petitioner's rights, as she contends that the record in the Magistrates' Courts sustains her claim of *res adjudicata*. The refusal to permit any evidence of the proceeding before Magistrate WEIL may also seriously prejudice defendant who relies on that adjudication in his favor. Under the circumstances and in the interest of substantial justice, we consider that the dismissal of the 1931 petition should be vacated.

The record now before us, however, contains none of the papers before either Magistrate WEIL or Magistrate BRODSKY, and no original evidence whatever, documentary or otherwise, of the fact of the marriage. Accordingly, we must repeat what we said on the prior appeal that the record contains no proof of the marriage of the parties upon which a finding may judicially be based that defendant under the law owes the petitioner support and maintenance, and we must again remit the matter for a new hearing. At that hearing either side may properly adduce any documents from the files of the Magistrates' Courts which are relevant on the issue as to the marriage and the contradictory claims made by both sides of *res adjudicata;* either side may also adduce any additional evidence, documentary or otherwise, so that all the issues may be litigated on their merits in a record on which a judicial determination can be predicated. We suggest, however, that the new hearing be held before another and different justice of the Domestic Relations Court.

The order of May 12, 1936, granting the application to withdraw the petition of December, 1935, should be reversed; the order of June 4, 1936, should be modified by striking out the portion which

purports to reinstate and continue the magistrate's order; the appeal from the order denying defendant's motion for reargument should be dismissed, as such order is not appealable; and the matter should be remitted for a new hearing in accordance with this opinion.

Present — MARTIN, P. J., O'MALLEY, DORE, COHN and CALLAHAN, JJ.

Order of May 12, 1936, granting application to withdraw the petition of December, 1935, unanimously reversed; order of June 4, 1936, modified by striking out the portion which purports to reinstate and continue the magistrate's order; appeal from order denying defendant's motion for reargument dismissed, as such order is not appealable; and the matter remitted for a new hearing in accordance with opinion.   Settle order on notice.